FILED

2022 Aug-30  AM 11:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **MATTHEW E. BELL,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 6:22-cv-00336-ACA** |
| | ] | |
| **TRANSUNION LLC,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

This case comes before the court on Defendant TransUnion LLC's motion to dismiss. (Doc. 14). Plaintiff Matthew E. Bell filed a *pro se* amended complaint alleging that TransUnion violated the Fair Credit Reporting Act and committed the tort of negligence. (Doc. 13). TransUnion asserts that Mr. Bell fails to allege a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Doc. 14 at 1–2). For the following reasons, the court will grant the motion to dismiss.

## I.     BACKGROUND

### 1.     Allegations in the Amended Complaint

At this stage, the court must accept as true the factual allegations in the amended complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

The *pro se* amended complaint states that Mr. Bell "seeks relief by removal of inaccurate accounts for violation of the [FCRA] or [the Fair Dept Collection Practices Act]."[1]  (Doc. 13 at 1 ¶ 1).  The only factual allegations in the amended complaint are that TransUnion allegedly "fail[ed] to remove account[s] showing on credit report"; "fail[ed] to report accurate and correct information on plaintiff's credit report"; damaged Mr. Bell's credit score by reporting inaccurate information; did not fix the errors in his credit report after "notice was provided" and after TransUnion had "an opportunity to fix the errors"; and "breached its duty to report and maintain an accurate consumer report in accordance with the Consumer Financial Protection Bureau."  (*Id.* at 1–4 ¶¶ 1, 3, 8, 13–14).  In his prayer for relief, Mr. Bell requests that the court order TransUnion to "remove disputed account numbers that are on the credit report," which apparently are "US DEPT OF ED/GSL/ATL Account number 528223XX" and "GLESI-GREAT LAKES EDUCATIONAL LOAN SERVICES ACCOUNT #XXXX-XXXX-XXXX-7577 ACCOUNT #XXXX-XXXX-XXXX-8581."  (*Id.* at 5 ¶ 2).

Mr. Bell alleges a violation of 15 U.S.C. § 1681i, the section of the FCRA that establishes a process that consumer reporting agencies like TransUnion must follow when a consumer disputes information in his credit report.  (*See* doc. 13 at 2 ¶¶ 2–

---

[1] Mr. Bell filed his original *pro se* complaint against TransUnion on March 15, 2022.  (Doc. 1).  TransUnion then filed a motion for more definite statement, asserting that Mr. Bell's complaint did not contain sufficient facts to place TransUnion on notice of Mr. Bell's claims against it.  (Doc. 8).  The court agreed and ordered Mr. Bell to file an amended complaint.  (Doc. 11).

3); 15 U.S.C. § 1681i; *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1301 (11th Cir. 2019).  As evidenced by his reference to "section 616 of Consumer Protection laws," (doc. 13 at 1 ¶ 1), he brings his claim under 15 U.S.C. § 1681n, which provides a private cause of action for damages against a covered entity who violates any of its FCRA duties.  *See* 15 U.S.C. § 1681n; *Marchisio*, 919 F.3d. at 1302.  He also brings a claim for negligence, alleging that TransUnion breached its duty to report accurate information.  (Doc. 13 at 4 ¶ 14).  These two claims—§ 1681i and negligence—are his only claims because his passing references to other sections of the FCRA and the FDCPA that do not impose duties on consumer reporting agencies do not provide a theoretical basis for any claim against TransUnion.  (*See id.* at 1–2 ¶¶ 1–3) (citing 15 U.S.C. §§ 1681s-2, 1692).

> 2.   <u>New Allegations and Arguments in Mr. Bell's Brief in Response to the Motion to Dismiss</u>

Mr. Bell's brief in response to the motion to dismiss is more detailed than his amended complaint.  Setting aside for now the issue of whether those new details are properly before the court, Mr. Bell's response states that he sent several FOIA requests to TransUnion regarding information that he believes to be inaccurate in his credit report.  (Doc. 16 at 2 ¶ 3).  He accuses TransUnion of falsely reporting accounts that "pass the statute of limitation[s]" and that "have been adverse for more than 7 years."  (*Id.* at 3 ¶ 4).  He states, "These loans were never paid on since getting the loan so these have been adverse since 2010 but Defendant[']s records are

showing differently." (*Id.*).  He attached to his response what appears to be an excerpt of his TransUnion credit report that lists nine accounts from "US DEPT OF ED/GSL/ATL," and he alleges that each account is "[s]hown on credit report in error." (*Id.* at 7).  He also attached to his response several images from an unknown source indicating that no payments were ever made on any U.S. Department of Education accounts.  (*Id.* at 14–21).  As to those images, Mr. Bell states, "Incorrect reporting showing payment was made when there was never payment made." (*Id.* at 14).  Finally, he also attached to his response an "Affidavit of Official Debt Dispute," dated both May 10 and December 14, 2019, that he allegedly sent to TransUnion requesting that TransUnion remove from his credit report the two Great Lakes accounts referenced in his amended complaint and four U.S. Department of Education accounts for allegedly "being unlawfully reported" and for apparently violating some statute of limitations.  (*Id.* at 8–13).

## II.   DISCUSSION

TransUnion moves to dismiss Mr. Bell's amended complaint under Rule 12(b)(6) for failing to allege facts showing a plausible claim for relief.  (Doc. 14).

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must contain enough facts to "give the defendants adequate notice of the claims against them and the grounds

upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Twombly*, 550 U.S. at 556.

Where, as here, a plaintiff proceeds *pro se*, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Still, the court may not "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading" to "sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (internal quotations and citations omitted).  In other words, a *pro se* litigant is subject to all relevant laws and rules of court, including the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### A.     Mr. Bell's FCRA Claim

To state a plausible claim for relief against a consumer reporting agency under 15 U.S.C. § 1681i, a plaintiff must allege "a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (emphasis in original).  A bare and conclusory allegation that information in a credit report is inaccurate will not defeat a motion to dismiss.  *See id.* at 1156.  The plaintiff must also allege that the consumer reporting agency failed to make "reasonable efforts to investigate and correct inaccurate or incomplete information brought to its attention by the consumer."  *Id.* at 1160.

Here, Mr. Bell's amended complaint does not contain sufficient allegations of a factual inaccuracy in his TransUnion credit report.  Instead, it contains only vague allegations that TransUnion "fail[ed] to remove account[s] showing on credit report" and "fail[ed] to report accurate and correct information on plaintiff's credit report." (Doc. 13 at 1 ¶ 1).  Mr. Bell leaves out what information is inaccurate and why it is inaccurate, so he does not allege any facts from which the court could draw a reasonable inference that some information in his credit report is plausibly inaccurate.  He alleges in his prayer for relief that three account numbers are "disputed" (*id.* at 5 ¶ 5), but again fails to allege a basis for the dispute.  Also, he fails to sufficiently allege the necessary element of a § 1681i claim that he brought

the alleged inaccuracy to TransUnion's attention; instead, he merely recites the notice element by vaguely stating that "Plaintiff has given the Defendant an opportunity to fix the errors" and "notice was provided." (*Id.* at 3–4 ¶¶ 8, 14).

Mr. Bell's response to the motion to dismiss fills in some blanks. It specifies the allegedly inaccurate information—that payments were made on several student loans (doc. 16 at 3, 14); why it is inaccurate—he allegedly never made payments on those accounts and the accounts somehow violate a statute of limitations (*id.* at 3, 14–21); and what he did to notify TransUnion of the alleged errors—he allegedly sent TransUnion his dispute affidavit (*id.* at 8–13). But TransUnion asks the court to strike those new allegations and arguments, because it contends Mr. Bell cannot supplement his amended complaint with new allegations and arguments in a response to a motion to dismiss. (Doc. 17 at 2–3).

TransUnion is correct that Mr. Bell cannot amend his complaint through argument in response to a dispositive motion. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Therefore, the court did not consider the new allegations in ruling on TransUnion's motion to dismiss.

Mr. Bell's amended complaint fails to state sufficient facts to plausibly allege a violation of § 1681i. Although the court must hold Mr. Bell's *pro se* pleadings to a less stringent standard, the court already gave Mr. Bell an opportunity to amend his original complaint along with instructions on the type of information he must

include to state a claim.  (Doc. 11).  Accordingly, the court will dismiss Mr. Bell's FCRA claim without prejudice.

### B.    Mr. Bell's Negligence Claim

The court will dismiss Mr. Bell's negligence claim because the FCRA preempts it.  The FCRA plainly preempts any state law that governs "any subject matter regulated under . . . section 1681i of this title, relating to the time by which a consumer reporting agency must take any action, including the provision of notification to a consumer or other person, in any procedure related to the disputed accuracy of information in a consumer's file."  15 U.S.C. § 1681t(b)(1)(B).  The entire basis of Mr. Bell's negligence claim is that "[TransUnion] has a duty to the Plaintiff[] to report accurate information and a notice was provided and nothing was done but reporting inaccurate information."  (Doc. 13 at 4 ¶ 14).  That alleged duty comes from § 1681i, the breach is allegedly unlawful under § 1681i, and § 1681t(b)(1)(B) therefore preempts Mr. Bell's state law negligence claim based on the same facts as his FCRA claim.

## III.    CONCLUSION

For the reasons explained above, the court **WILL GRANT** TransUnion's motion to dismiss.  (Doc. 14).  The court **WILL DISMISS** Mr. Bell's FCRA claim **WITHOUT PREJUDICE** for failure to state a plausible claim for relief.  The court

**WILL DISMISS** Mr. Bell's negligence claim **WITH PREJUDICE** because the FCRA preempts it.

      **DONE** and **ORDERED** this August 30, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE